IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Millington,

    Plaintiff,

  v.                                   Case No. 2:06-cv-347

Morrow County Board of
County Commissioners, et al.,

    Defendants.

OPINION AND ORDER

    This is an action filed by plaintiff John Millington against defendant Morrow County Board of County Commissioners, and Jean McClintock, Don Staley, and Olen Jackson, the individual county commissioners.  Plaintiff is employed as a zoning inspector by the county.  Plaintiff alleges that he was suspended from employment for three days and subjected to other adverse employment actions without due process and in retaliation for the exercise of his First Amendment rights in violation of 42 U.S.C. §1983, Ohio law and Ohio public policy.  Plaintiff also asserts a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §216.

    This matter is before the court on the motion of defendants for partial dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief may be granted.  A complaint may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded

allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232 (1974). A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978).

Defendants first move to dismiss plaintiff's claim under §1983 of failure to accord him procedural due process in the form of a predeprevation hearing prior to a three-day suspension without pay. Plaintiff alleges that he was suspended without pay for three days after refusing to obey a directive from defendant McClintock. Defendants argue that a three-day suspension is a de minimis deprivation of property which does not warrant due process protection.

In Carter v. Western Reserve Psychiatric Habilation Center, 767 F.2d 270, 272 n. 1 (6th Cir. 1985), the court held that a two-day suspension without pay, in the manner of routine discipline, constituted a property deprivation in theory, but was a de minimis deprivation "not deserving of due process consideration." Subsequently, in Boals v. Gray, 775 F.2d 686, 697 (6th Cir. 1985), Judge Wellford noted in his concurring opinion that the initial suspension of an employee for three days was a de minimis property deprivation not warranting due process consideration. Carter was later applied by the court in Gillard v. Norris, 857 F.2d 1095 (6th Cir. 1988), a case involving a three-day suspension. The court stated:

> We are not of the opinion that merely because a routine
> disciplinary suspension for employment lasts three days

2

>       rather than two, the severity of the deprivation suffered
>       increases to such an extent that due process protections
>       are triggered.  Rather, we find that the situation
>       presented in this case is very similar to that of the
>       Carter case, and we are bound by that precedent.

Id. at 1098.

Plaintiff argues that he is a civil service employee, and that therefore his employment status is entitled to due process protection.  However, the plaintiff in Gillard was also a civil service employee who could not be dismissed or demoted under Tennessee law on the basis of any "nonmerit" factor, yet the court in Gillard concluded that this three-day suspension did not trigger due process protection.  Gillard, 857 F.2d at 1098.

In light of Carter, Boals, and Gillard, the three-day suspension alleged in the complaint is a de minimis deprivation of property which is not subject to due process protection, and plaintiff's due process claim fails as a matter of law.  Defendants' motion to dismiss this claim is well taken.

Defendants also move to dismiss plaintiff's claim under Ohio Rev. Code Chapter 737.  This chapter concerns public safety, such as fire and police services, and is inapplicable to any of plaintiff's claims.  Defendants' motion to dismiss plaintiff's claim insofar as it relies on Chapter 737 is granted.

Plaintiff stated in his memorandum contra the motion to dismiss that the reference to Chapter 737 was in error, and that the basis for this claim is Ohio Rev. Code §124.34, referred to in paragraph nine of the complaint.  Plaintiff also filed a supplemental memorandum in opposition to defendants' motion to dismiss,  Plaintiff filed a motion to amend the complaint.  In an order filed on December 19, 2006, the magistrate judge dismissed

the motion to amend without prejudice and specified that a new motion to amend had to be filed by December 22, 2006. No further motion to amend was filed. Further, even if the existing complaint is deemed sufficient to assert a claim for failure to follow the procedures in §124.34, the complaint fails to state a claim under that section. Under Ohio Rev. Code §124.34(B), a classified employee is entitled to notice and a hearing only in the case of a "suspension of more than three working days[.]" Plaintiff's three-day suspension was not covered by §124.34(B), and his complaint fails to allege a violation of that section. Defendants' motion to dismiss that claim is also granted.

In accordance with the foregoing, defendants' motion for partial dismissal under Rule 12(b)(6) is granted.

Date: January 16, 2007             s\James L. Graham
                                   James L. Graham
                                   United States District Judge